UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - X

UNITED STATES OF AMERICA     :     CR 96-1088

    - against -     :     United States Courthouse
Brooklyn, New York

ROBERTO RAMIREZ-ALARCON,     :

          Defendant.   :     April 18, 1997

- - - - - - - - - - - - - X

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:

        CECIL C. SCOTT, ESQ.
Assistant United States Attorney
One Pierrepont Plaza
Brooklyn, New York

For the Defendant:

        STUART GROSSMAN, ESQ.

For Codefendant
Liz Vasquez:

        DOUG MORRIS, ESQ.

Court Interpreter:

        PATRICIA TRIANA

Court Reporter:

        HENRI LeGENDRE*
225 Cadman Plaza East
Brooklyn, New York

*Transcribed by JOHN M. JONES, C.S.R., Senior Court Reporter (retired), New York State Supreme Court, Kings County, from the stenographic notes of HENRI LeGENDRE (deceased).

THE CLERK:  USA versus Ramirez.

(Interpreter is sworn by the Clerk of the Court.)

THE INTERPRETER:  Patricia Triana.

MR. SCOTT:  C.C. Scott for the United States.

MR. GROSSMAN:  Stuart Grossman for Ramirez.

MR. MORRIS:  Doug Morris.

THE COURT:  Counsel, have you had an opportunity to review the indictment with your client?

MR. GROSSMAN:  Yes.

THE COURT:  Do you waive public reading?

MR. GROSSMAN:  Yes.

MR. MORRIS:  Yes.

THE COURT:  Mr. Grossman, on behalf of your client, you enter a plea?

MR. GROSSMAN:  Yes, we enter a plea of not guilty.

THE COURT:  And Mr. Morris?

MR. MORRIS:  Not guilty.

THE COURT:  How shall I proceed?

MR. GROSSMAN:  We would like to adjourn the matter for three weeks for a status conference.  In the interim, we are attempting to work out a plea in this particular case and in light of that, we have agreed to waive our speedy trial rights until May 9th, if that is agreeable to the Court.

THE COURT:  Well, I gather in substance that you are agreeing that this three-week period is appropriate

for an order of excusable delay in the interest of--just to complete.

Is that the same with your client, Mr. Morris?

MR. MORRIS:  Yes, your Honor.

THE COURT:  And what's the date you set?

THE CLERK:  May 9th at 10:30.

MR. MORRIS:  Your Honor, I also have a bail application.  Let me give the background.

On March 14th, bail was set, $200,000 personal recognizance bond, cosigned by four suretors, as well as my client's brother.  Actually, I can't remember if he was the fourth suretor.  In any case, three of the four signed and the brother has since signed the bond.  It was also conditioned on the posting of pieces of property in Puerto Rico, one the house of my client's brother and one property owned by the father-in-law.  And there was originally three weeks to complete that and that has been extended and now has been extended indefinitely.

We have, my office has at this point gathered all the necessary documents in regard to the two pieces of property as well as an agreement to forfeit the property which the Clerk of the Court, the District Court in Puerto Rico informed my office is a document which is  qualified for the equivalent purpose for the confession of judgment here and I would ask that my client be released today subject

to that condition, consent that these documents by signed by the appropriate property owners, as I suspect they will be, in the next five days.

MR. SCOTT:  And filed as well.

MR. MORRIS:  And we provide the necessary documentation.

THE COURT:  That's an agreement?

MR. SCOTT:  Yes, I would agree as long as all the agreements are satisfied.

THE COURT:  Has the bond already been filed, filled out?

MR. MORRIS:  It has, but I do not have a copy of the bond with me.   It's filed in the court someplace.

THE COURT:  I'm just trying to think--there is nothing for me to sign if I don't have the bond.   So I'm afraid you'll have to have it signed--it's fine, the package is fine, but you'll have to have it signed before the magistrate.

MR. MORRIS:  Okay.  I'll ask that my client be kept.

THE COURT:  I'll ask the marshals to keep her here. She'll probably be released from here.

MR. MORRIS:  Thank you.

THE COURT:  I gather that during this interim period all of the discovery will be made.

MR. SCOTT:  I'll tell the AUSA on the case, yes.

THE COURT: And I have before me an order of excusable delay from today until May 9th executed by al counsel and find that this is a continuance in the interest of justice to prompt a disposition short of trial.

MR. SCOTT: Thank you, your Honor.

* * * * *

Certified to be an accurate transcript of the minutes taken by HENRI LeGENDRE in the above proceeding, to the best of my ability.

John M. Jones, C.S.R.
Senior Court Reporter (retired)
Supreme Court of the State of New York
County of Kings